```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


ELAINE L. CHAO,                 )
SECRETARY OF LABOR,             )
UNITED STATES DEPARTMENT        )
OF LABOR                        )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:06cv433 (JCC)
                                )
EMMET R. ANDERSON, et al.,      )
                                )
     Defendants.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's motion for summary judgment. For the reasons stated below, the Court will grant this motion.

### **I. Background**

On April 21, 2006, Plaintiff Elaine L. Chao, Secretary of Labor for the United States Department of Labor, ("Plaintiff" or "Secretary") brought this action under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. The Secretary alleges that Defendants Anderson and Marks breached fiduciary duties owed to the participants and beneficiaries of the Columbia Services Group's ("Columbia" or "CSG") Profit Sharing/401(k) Plan ("the Plan"). Defendants'

alleged wrongdoing is limited to their failure to segregate the Plan assets from the general assets of the company.

From January 2004 to June 2005, Defendants had money withheld from employee pay to be contributed to the Plan. Plaintiff alleges that Defendants violated ERISA by failing to distribute some of the money to the Plan in a timely manner (10 to 50 days delay), and failing to distribute some of the money to the Plan at all.  As for the money that was never distributed to the Plan, that money remained in Columbia's corporate account.

Defendants do not contest Plaintiff's allegations, statement of the case, statement of undisputed facts, or the non-monetary relief that Plaintiff seeks.  They admit the breach of fiduciary duty and agree that the Plan's shortfall is $54,158.24 in contributions and $10,009.93 in interest.  Essentially, the only facts in dispute are:

(1) the amount withheld from Defendants' respective pay, but not remitted to the Plan[1]

(2) the amount remaining in a "Forfeiture/Asset Holding Account" (approximately, $39,000).

Nevertheless, the factual disputes regarding these values are of no moment to the Court, as the precise values will be resolved by an accounting conducted by an independent fiduciary, to which both parties agree.

---

[1] Defendants will be entitled to offset their final liability by this value, once agreed upon.

The only dispute to be resolved by this Court is whether the Plan's assets in the Forfeiture Account may be used to offset the Plan's shortfall caused by Defendants' fiduciary breach.  For the reasons that follow, the Court finds that it may not.

## II. Analysis

ERISA's primary aim is to protect individuals who participate in employee benefit plans.  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983).  These plans support the "well-being and security of millions of employees and their dependents," 29 U.S.C. § 1001(a), and are crucial to "the national economy, and . . . the financial security of the Nation's work force." *Boggs v. Boggs*, 520 U.S. 833, 839 (1997).  Accompanying this paramount importance is also the potential for abuse in plan administration.  "ERISA was thus designed to deter the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds." *Chao v. Malkani*, 452 F.3d 290, 293 (4th Cir. 2006)(citing *Cal. Div. of Labor Standards Enforcement v. Dillingham Const.* 519 U.S. 316 (1997)(emphasis added)(citations omitted)).

To deter such mismanagement, persons with discretionary authority over the plans are held personally liable under ERISA for any plan shortfalls resulting from a breach of fiduciary

duty.  29 U.S.C. § 1103.  To avoid such a breach, the fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries."  29 U.S.C. § 1104(a)(1).  Thus, plan assets "shall never inure to the benefit of any employer."  29 U.S.C. § 1103(c)(1).

As previously mentioned, Defendants Anderson and Marks have admitted fiduciary breach and personal liability for the Plan shortfall.  However, Defendants claim they are entitled to reduce their liability by applying the balance of the Forfeiture Account to the Plan's shortfall.  For numerous reasons, this Court disagrees.

First, allowing such an offset would violate ERISA's anti-inurement provision that "the assets of a Plan shall never inure to the benefit of any employer."  29 U.S.C. § 1103(c)(1).  Defendants claim that they do not request any benefit, but simply ask for the assets in the Forfeiture Account to be distributed to the rightful employees.  Such a distribution, however, would still inure to the benefit of Defendants, albeit in the form of debt-relief.  If this Court grants Defendants' requested relief, their personal liability to the Plan due to their fiduciary breaches would be reduced by approximately $39,000.  Such a benefit is clearly within the scope of the statute's text, and thus, would violate the anti-inurement provision.

Notably, the Fourth Circuit has not addressed the specific issue of whether a forfeiture account may be applied to

a Plan's shortfall, thereby reducing the liability for a fiduciary breach.  However, in *Chao v. Malkani,* the Fourth Circuit held that even when the employer is responsible for contributing the surplus assets, the anti-inurement provision prohibited the surplus assets to be used to limit their liability for a Plan's shortfall.  434 F.3d at 297 (stating, "at bottom, this provision refers to the congressional determination that funds contributed by the employer must never revert to the employer.")(citations omitted).

In this case, unlike the defendants in *Malkani*, Defendants cannot claim that they contributed or are otherwise responsible for the surplus assets in the Forfeiture Account.  Instead, the Forfeiture Account's balance has accrued over the life of the Plan from the contributions of Plan participants, namely from employee contributions that never vested or benefits for employees that cannot be located.  If an employer that actually contributed the surplus is not entitled to an offset of liability, as in *Malkani*, then surely Defendants that have contributed nothing to the assets are also not entitled.  Accordingly, Defendants are not entitled to reduce their liability using the Forfeiture Account.

Additionally, to apply this Forfeiture Account balance to reduce the Plan's shortfall would contravene ERISA's intent to "deter the mismanagement of funds accumulated to finance employee benefits."  *See Malkani,* 452 F.3d at 293.  If a plan's forfeiture

account could be applied to limit the personal liability of a fiduciary, then such a regime would only deter a fiduciary breach insofar as forfeiture assets could not cover any shortfall. Essentially, the fiduciaries would have a proverbial blank check to commit a breach without consequence so long as the forfeiture account contained sufficient assets to cover any shortfall. Such a regime would hardly jibe with ERISA's design to deter the mismanagement of funds.

Finally, Defendants have failed to provide this Court with any persuasive reason why they should be entitled to the funds from the Forfeiture Account. Defendants request this Court to provide them with the benefit of these surplus assets rather than the Plan participants and fiduciaries. However, but for Defendants' fiduciary breach, the participants and beneficiaries likely would have received the benefit of the surplus assets in the Forfeiture Account. Without any persuasive reason why Defendants are more deserving of these assets than the Plan participants and beneficiaries, this should still be the case. Accordingly, Defendants will not receive the benefit of the Forfeiture Account as a reward for mismanagement.

In sum, the Forfeiture Account may not be used to offset Defendants' liability. Additionally, the independent fiduciary will be directed to distribute the funds in the Forfeiture Account to the Plan's participants and beneficiaries to the greatest extent possible.

### III.  Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment will be granted.

An appropriate Order will issue.

```
May 9th, 2007                      _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE
```